UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>14.368 ACRES, MORE OR LESS, SITUATED IN KERN COUNTY, STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:24-cv-00185-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>(Doc. 39) |

This is a condemnation proceeding by Plaintiff the United States of America pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114. (Doc. 1). On October 6, 2025, the Court granted Plaintiff's motion for judgment on the pleadings, finding that the subject condemnation was constitutionally permissible and consistent with federal law. (Doc. 38). In general, what remains for the case is the scheduling of discovery, pretrial motions and trial on the issue of just compensation for the taking.

On October 21, 2025, Plaintiff filed a motion to stay. (Doc. 36). Respondent argues a stay is warranted because appropriations to the Department of Justice ["DOJ"] (by whom counsel for Respondent is employed) and to the Federal Aviation Administration ["FAA"] (the relevant agency in this proceeding) lapsed upon expiration of the relevant appropriations acts on September 30, 2025. *Id.* at 1. As such, Plaintiff explains that neither DOJ nor FAA counsel or staff are permitted to work on this matter until Congress has restored appropriations. *Id.* at 2.

Plaintiff represents that counsel for defendant Precious Earth Inc. opposes staying the case. *Id*.

### I. Standard of Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

### II. Discussion

In the pending motion, Plaintiff fails to weigh or even acknowledge the *CMAX* factors. While the Court acknowledges its discretion to temporarily stay proceedings under the circumstances described by Plaintiff in its motion, the Court does not find that the balance of *CMAX* factors favors staying proceedings. The Court already has continued the scheduling conference to permit time for the pleadings to settle (Doc. 40) and Plaintiff retains recourse to seeking a further continuance in the event the government shutdown prevents it from adequately preparing for and appearing at that scheduling conference. Counsel for Plaintiff is admonished that the Court disfavors motions seeking extensions of time filed on or after the deadline sought to be extended. *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension

becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.").

### Conclusion and Order

Accordingly, it is hereby **ORDERED**, Plaintiff's motion to stay (Doc. 39) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 22, 2025**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE